RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0347p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee*,

  *v.*                                                      No. 10-2672

PATRICK WAYNE BRIDGES,
                    *Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:10-cr-26-1—R. Allan Edgar, District Judge.

Argued:

Decided and Filed:   April 16, 2012[*]

Before:  WHITE, STRANCH, and FARRIS, Circuit Judges.[**]

_____

**COUNSEL**

_____

**ON BRIEF:** Michael J. Manning, MICHAEL J. MANNING, P.C., Escanaba, Michigan,
for Appellant.   Maarten Vermaat, UNITED STATES ATTORNEY'S OFFICE,
Marquette, Michigan, for Appellee.

_____

**OPINION**

_____

PER CURIAM.  Patrick Wayne Bridges appeals the district court's order denying
his motion to dismiss the indictment.

_____

[*] This decision was originally issued as an "unpublished decision" filed on April 16, 2012.  The
court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Jerome Farris, Circuit Judge for the United States Court of Appeals for the Ninth
Circuit, sitting by designation.

In 2001, Bridges was convicted of misdemeanor domestic violence in a Michigan court.  The trial court did not impose a term of incarceration, but sentenced Bridges to one year of probation.  In 2010, Bridges was indicted for possessing a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9).  Bridges moved to dismiss the indictment, arguing that despite his domestic violence conviction, he was not prohibited from possessing a firearm because he qualified for one of the exceptions to the firearm restriction listed in 18 U.S.C. § 921(a)(33)(B)(ii).  The district court denied the motion, concluding that Bridges did not qualify for the exception.  Bridges pleaded guilty to the firearm charge, reserving his right to appeal the district court's denial of his motion to dismiss the indictment.  The district court sentenced Bridges to 21 months in prison.

On appeal, Bridges argues that the district court erred by denying his motion to dismiss the indictment.  We review de novo matters requiring statutory interpretation. *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011).  Section 922(g)(9) prohibits an individual who has been convicted of a misdemeanor crime of domestic violence from possessing a firearm.  Section 921(a)(33)(B)(ii) provides, as relevant here, that "[a] person shall not be considered to have been convicted of such an offense . . . if the conviction . . . is an offense for which the person . . . has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)."  Under Michigan law, misdemeanants lose their civil rights only while confined in a correctional facility.  *See* Mich. Comp. Laws § 168.758b.

Bridges argues that, under § 921(a)(33)(B)(ii), individuals in his position, who are not subjected to a loss of their civil rights as a result of their conviction, should be treated equivalently to individuals who lose their civil rights and subsequently have those rights restored.  This court reached such a conclusion in *United States v. Wegrzyn*, 305 F.3d 593 (6th Cir. 2002).  In 2007, however, the Supreme Court held that the "civil rights restored" clause in the analogous provision of § 921(a)(20) does not apply to an offender such as Bridges who lost no civil rights.  *See Logan v. United States*, 552 U.S. 23, 37 (2007).  Further, the Court noted that the words "civil rights restored" in

§ 921(a)(33)(B)(ii) do not cover a person whose civil rights were never taken away. *Id.* at 36-37. Under the reasoning of *Logan*, which we are bound to follow, *see Smith v. Cupp*, 430 F.3d 766, 773 n.3 (6th Cir. 2005), Bridges does not qualify for an exception to the firearm restriction in § 922(g)(9), and the district court properly denied his motion to dismiss the indictment.

    Accordingly, we affirm the district court's order.